Opinion delivered April 5, 1889.

---

## No. 6179.

## William Shelton *v.* The State.

| 27 | 443 |
| 39 | 193 |

1. Complaint—Information—Variance.—The complaint alleges that the offense was committed on the sixteenth day of January, 1888; the information that it was committed on the eleventh day of January, 1888. *Held*, that the variance is immaterial.

2. Same.—Verdict reads: "We, the josurys, find the defendant gilty," etc. *Held*, that the words incorrectly spelled constitute no material defect.

3. Carrying a Pistol — Exemption as "A Person Traveling"— Practice.—Whether the accused was "a person traveling" and therefore exempt from the operation of the statute denouncing the offense of carrying a pistol, is a question of fact for the determination of the jury.

4. Same.—A Fugitive from Justice, while fleeing the country, is not "a person traveling," within the exception of the statute forbidding the carrying of a pistol.

5. Same—Venue.—Proof of the venue as alleged is essential to a legal conviction for crime.

Appeal from the County Court of Montague. Tried below before the Hon. Griffin Ford, County Judge.

The appellant was convicted for unlawfully carrying a pistol on his person, and his punishment was assessed at a fine of twenty-five dollars and confinement in the county jail for twenty days.

The proof shows that while in attendance upon a dance at a place known as Eagle Point, the defendant was informed that an officer was en route to said dance to arrest him. He and another person thereupon mounted a horse and went to No-cona, where defendant boarded a train and went to Childress county. Between Eagle Point and Nocona he drew and discharged a pistol.

*Stephens & Herbert*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. It was not error to overrule the motion in arrest of judgment. There is no material variance between the complaint and the information, and there is no material defect in the verdict.

Whether or not the defendant, at the time he carried the pistol, was "a person traveling" was a question of fact for the determination of the jury, and this issue was fully and fairly submitted to the jury by the charge of the court. We are of the opinion that the evidence warranted the jury in finding against the defendant upon said issue. It was shown that at the time defendant carried the pistol he was fleeing from the officers of the law to evade arrest. It is not the intention of the law to license fugitives from justice to carry arms. They are not "persons traveling," within the meaning of the exception in the statute.

There is no proof in the record of the venue of the offense, and, therefore, the conviction must be set aside. This error is confessed by the Assistant Attorney General. The judgment is reversed and the cause remanded.

*Reversed and remanded.*