## Weldon B. Tadlock v. The State.

No. 16114. Delivered November 15, 1933.

Reported in 64 S. W. (2d) 963.

The opinion states the case.

*Edgar W. Cale,* of Temple, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, thirty days in the county jail.

We have carefully examined this record, which contains seven bills of exception, and are of opinion that in none of the matters complained of was any error committed by the learned trial judge save in the matter hereinafter set out.

Appellant seems to have been arrested about 1:30 o'clock at night in the city of Georgetown upon the second bridge north from the public square on Highway No. 2. He was at that time approximately a mile or more from the place where his car was situated, as will appear. He was alone when arrested. A negro witness testified that about 11:30 P. M. on said night, over in what was commonly known as the "Ridge," same being the negro section of Georgetown, he saw a car drive up under a street light, saw appellant and another man get out, saw them look around and then go to a depot, shown to be an I. & G. N. depot. The witness said the men appeared to try the door and looked in at the windows, and walked around out of sight,

in such manner as to excite his suspicion. He went and told a night-watchman and together they went to where the car of appellant was parked. They found no one at the car, or around the depot at that time. They found the windows and doors of the car fastened. They communicated with Mr. Russell, another officer, and he came over to the scene. About the time he got there appellant's companion, a man named McFarland, came up. Mr. Russell had the car pulled over to a garage where its contents were examined. In the car were found two pistols, one in a pocket of the car and the other under a blanket on the seat. Mr. Russell began a search for appellant and found him as above stated. A charge of unlawfully carrying a pistol was lodged against appellant. He told conflicting stories as to his purpose in being at the place where he left his car.

Appellant's defense was that he was a traveler; that he had started from Temple, Texas, to Harlingen, down in the Rio Grande Valley, and got as far as Austin and then turned to go back to Temple on account of the suffering of his companion from a sore eye. His explanation of his actions when he got to Georgetown was that just before they got there he concluded to put his companion on a train and send him to Temple. He admitted, however, that he left the car to go in search of some whisky, and also admitted that he so testified on a habeas corpus trial. He explained that a number of tools, consisting of a sledge hammer, some punches, steel drills, etc., found in his car, were tools of his trade which he expected to follow when he reached Harlingen. In rebuttal the state was permitted to prove by two officers that tools such as those found in appellant's car were available, usable and commonly used in burglaries, safe-breakings, etc. The admission of this testimony on the part of the state was made the subject of a bill of exception. We are inclined to think the testimony as to the purpose for which the tools could be used was inadmissible. That it was prejudicial and hurtful to the cause of appellant, if inadmissible, is plain.

It was not denied but that appellant was some four blocks away from the highway between Austin and Temple. Under the authorities one who claims to be a traveler, in order to secure exemption from punishment for carrying a pistol, must show that he was not carrying the pistol in such manner and at such time and place as to rebut the idea that he was in good faith a traveler. He may not deviate from the usual and customary highway upon which he is traveling, to make side excursions for pleasure, business, etc., not connected with his journey. Appellant's whole theory of defense was that he was

in good faith a traveler. It is set up by the learned trial judge in his qualification to the bill of exceptions complaining of the reception of this testimony, that it was admitted as rebutting appellant's claim that he was in good faith a traveler.

It occurs to us that this case should have been tried and appellant's guilt or innocence determined upon the issue that he had improperly deviated from the highway upon which he claimed to be a traveler. Proof that he was in possession of tools which could be used for safe-knocking or burglary seems remote to the question of whether he was a traveler. There is no question but that the tools referred to were in appellant's car which was locked at the time it was taken possession of by the officers.

Believing that the testimony was hurtful to the cause of appellant, and that it was in the nature of a contradiction of appellant's testimony that he was a traveler, upon a matter seemingly unfair in the determination of that question, we are constrained to hold the learned trial judge in error in the admission of this testimony.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*