**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mario PRIETO–TEJAS,**
**Defendant-Appellant.**

No. 85–1069.

United States Court of Appeals,
Fifth Circuit.

March 4, 1986.

---

Lucien B. Campbell, Federal Public Defender, Kevin E. Shannon, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Mike McDonald, Michael R. Hardy, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

In its petition for rehearing, the government, though conceding that the unlawfulness of the accused's purpose in carrying a gun is not relevant to the "traveling" ex-

emption of Texas Penal Code, section 46.-03(a)(3), nevertheless urges that the unlawfulness of the purpose of the travel is relevant to this statutory exemption. Reliance is placed on *Shelton v. State*, 27 Tx.App. 443, 11 S.W. 457 (1889), and *Rickman v. State*, 134 S.W.2d 668 (Tex.Crim.App.1939). In *Shelton*, although reversing for failure to prove venue, the court remarked that

> "at the time defendant carried the pistol he was fleeing from the officers of the law to evade arrest. It is not the intention of the law to license fugitives from justice to carry arms. They are not 'persons traveling' within the meaning of the exception in the statute." 11 S.W. at 458.

In *Rickman*, the court held an arrest valid on several different grounds, one of which was the unlawful possession of a firearm. It noted that the traveling exemption did not apply because an insufficient distance was involved, and also remarked that "a fugitive fleeing is not, under this statute relative to the carrying of arms, a person traveling," citing *Shelton*. 134 S.W.2d at 672. These opinions, however, do not purport to be based on any broad principle as to the lawfulness of the purpose of the travel, but rather speak only to the specific category of fugitives from justice. We also note that it is arguable that in such a case the very travel itself—the fleeing from officers of the law to evade arrest—may be unlawful. That is arguably distinguishable from the situation where the travel merely has an unlawful purpose, such as a purpose to commit a crime at the destination or en route. In *Evers v. State*, 576 S.W.2d 46, 50 (Tex.Crim.App.1978), the court stated, "Under the travel exemption, the purpose of the travel is not relevant."

It must also be remembered that we are here dealing with a pure statutory exemption, not an exemption created by judicial decision which expands upon or rests on analogy to a statutory exemption. The Texas courts appear to have generally been reluctant to judicially modify the pure stat-

utory exemptions. *See Grant v. State*, 112 Tex.Cr.R. 20, 13 S.W.2d 889, 890 (1928); *Deuschle v. State*, 109 Tex.Cr.R. 637, 4 S.W.2d 559, 560–61 (1927).

Nor are we persuaded to a different conclusion by *Tadlock v. State*, 124 Tex.Cr.R. 637, 64 S.W.2d 963 (1933), which the government relies on for its "in good faith a traveler" language. There the accused, who claimed that he was traveling on the highway from Austin to Temple, was found late at night on foot a mile or more from the place his car had been left on the highway. He had been seen four blocks away from the highway looking in the windows, and attempting to open the door, of a building. Two pistols were found in his locked car. The accused claimed the traveler's exemption. The court held it was error to admit evidence that burglary tools were also found in the car. The court's reference to the accused's claim "that he was in good faith a traveler" was made in connection with its immediately following statement that the purported traveler

> "may not deviate from the usual and customary highway upon which he is traveling, to make side excursions for pleasure, business, etc., not connected with his journey." *Id.* 64 S.W.2d at 964.

The "in good faith" language hence appears to relate to whether the side excursion could properly be regarded as part of the travel, as opposed to relating to whether the travel itself had a lawful purpose. This is also indicated by the court's following statement:

> "It occurs to us that this case should have been tried and appellant's guilt or innocence determined upon the issue that he had improperly deviated from the highway upon which he claimed to be a traveler. Proof that he was in possession of tools which could be used for safe knocking or burglary seems remote to the question of whether he was a traveler." *Id.*

Obviously, however, that burglary tools were carried while traveling would have been relevant if an unlawful purpose of the travel would have defeated the exemption.

While the government's "unlawful purpose" argument may well be supported by sound policy considerations, we deem it inappropriate for a federal court, without any significant support in state court precedent or the language of the statute, to engraft such a general limitation on the section 46.03(a)(3) exemption.

We also reject the government's contention that there is an inconsistency between claiming that one is traveling in an automobile for purposes of section 46.03(a)(3), and also claiming ignorance of the presence of a gun found in the vehicle. While it is true that section 46.02(a) requires that the gun be carried "intentionally, knowingly, or recklessly," nevertheless section 46.03(a)(3) simply provides that "[t]he provisions of section 46.02 of this code do not apply to a person ... traveling...." Since section 46.02 is wholly inapplicable to a traveler, it is irrelevant whether the traveler has or does not have knowledge of the presence of the gun. As indicated in footnote 14 of our original opinion, we construe the language in *Evers,* concerning admitting possession of the handgun, as relating to the extra-statutory, judicially created "business" exemption claimed in that case, rather than to the pure statutory travel exemption which was also claimed there. In this case, we find no actual or potential inconsistency, either theoretically or under the evidence presented, between the accused's being in the status of a traveler and his denial of knowledge of the gun or his claim that the cocaine was solely for his personal consumption. Both the government's evidence and that of the accused indicated that he was "traveling."

The government's petition for rehearing is DENIED.