Reginald D. POWELL, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. 70642.

Missouri Court of Appeals, Eastern District, Division One.

May 20, 1997.

Kent Denzel, Asst. Public Defender, Columbia, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Andrew J. Lay, Asst. Atty. Gen., St. Louis, for respondent/respondent.

DOWD, Presiding Judge.

Reginald D. Powell (Movant) appeals from the denial of his Rule 24.035 motion following an evidentiary hearing. Movant's motion sought to withdraw his *Alford*[1] plea and vacate the sentence claiming: (1) his counsel was ineffective for failure to obtain a ruling on an initial motion to dismiss based upon the peaceable journey exception to the concealed weapon statute, §§ 571.030.1 and 571.030.3, RSMo 1994[2]; and (2) the motion court committed plain error by failing to *sua sponte* vacate the sentence because no adequate factual basis was shown to support the plea. We affirm.

Viewed in the light most favorable to the verdict, the relevant facts are as follows. On September 4, 1994, Movant was driving on Highway 55 in Ste. Genevieve County, traveling at a speed between ninety and one hundred miles per hour. After receiving a radio dispatch from another police officer, the Sheriff pulled Movant over. The Sheriff asked Movant if he had anything dangerous in the car. Movant admitted that he had a pistol in the trunk. The Sheriff asked for and received permission to search Movant's vehicle. The Sheriff found a loaded .40 caliber Iberia pistol in the glove compartment of the car. In the trunk, the Sheriff found another pistol, a P–89 Ruger, which had been reported "stolen out of St. Louis." The State charged Movant by information with one count of unlawful use of a weapon, § 571.030.1.

At the preliminary hearing, Movant's counsel moved to dismiss the complaint under the peaceable journey exception, § 571.030.3. The judge took the issue under advisement and gave the prosecution leave to file a brief on the matter. Nothing more was specifically mentioned about the motion to dismiss. The case was bound over for trial and a trial date was set.

At the plea hearing, Movant pleaded guilty to one count of unlawful use of a weapon, § 571.030.1. Movant also testified that he was satisfied with counsel's services and that counsel did all tasks he was asked to do. The court found that there was a factual basis for the plea, and that the plea was freely, knowingly, voluntarily, and intelligently made with a full understanding of the charge and the consequences of an *Alford* plea. The court denied Movant's request for probation and sentenced him to three years' imprisonment.

Movant timely filed a pro se Rule 24.035 motion and amended motion for postconviction relief, alleging that his guilty plea was involuntary because counsel had not received a specific ruling on the motion to dismiss. Movant claims that had he known the motion had not been specifically ruled on, he would not have pleaded guilty and would have gone to trial. Following an evidentiary hearing, the motion court denied Movant's motion, finding that Movant did receive an adverse

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. All further statutory references are to RSMo 1994.

ruling on the motion to dismiss based on the exception.

We review the motion court's findings only to determine whether they are clearly erroneous. Rule 24.035(j); *Sharp v. State,* 908 S.W.2d 752, 756 (Mo.App. E.D. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2529, 135 L.Ed.2d 1052 (1996). The findings and conclusions of the motion court are deemed clearly erroneous when, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sharp,* 908 S.W.2d at 756. Because Movant's conviction resulted from a guilty plea, his ineffective assistance of counsel claim is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the plea was made. *Cooper v. State,* 879 S.W.2d 614, 616 (Mo.App. E.D.1994).

To establish an ineffective assistance of counsel claim, "a movant must show that counsel's errors were so serious that his representation fell below an objective standard of reasonableness and that these errors affected the outcome of the plea process." *Sharp,* 908 S.W.2d at 757 citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Movant alleges that counsel erred in failing to obtain a specific ruling on the motion to dismiss and in failing to adequately advise Movant of the relevant circumstances and alternate courses of action open to him. Movant therefore asserts that counsel's representation fell below an objective standard of reasonableness and caused him to enter the plea and forego a trial.

Counsel's failure to insist upon a specific ruling on the motion may have been error, but it does not fall below the standard of reasonableness. Counsel testified at the evidentiary hearing that he assumed the judge overruled the motion by setting the case for trial. While we do not endorse the practice of not insisting upon rulings on outstanding motions, when the court set the case for trial it was not unreasonable for counsel to conclude the motion was overruled. Therefore, counsel's inaction does not fall below the reasonableness standard.

Moreover, Movant must also show prejudice. To meet the prejudice requirement, the movant must show a "reasonable proba-

bility" that, but for counsel's error, it was reasonably probable that he would not have pled guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. at 370. Where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense, the resolution of the prejudice requirement will depend "largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59, 106 S.Ct. at 370.

The peaceable journey exception is not applicable as an affirmative defense in Movant's case. The exception does not apply to persons traveling through the state for any unlawful purpose. *State v. Purlee,* 839 S.W.2d 584, 592 (Mo.banc 1992). Movant was in possession of stolen property, the P–89 Ruger pistol found in Movant's trunk. In fact, prior to the plea, the prosecutor had considered additional charges for this second weapon. Also, Movant was driving at an extremely high rate of speed, between ninety and one hundred miles per hour, for which he received a speeding ticket. The circumstances show that Movant was engaged in illegal activity while carrying a loaded and concealed weapon, making the peaceable journey exception inapplicable. Therefore, there is no showing of prejudice because the peaceable journey defense would not have succeeded at trial. Point denied.

In his second point, Movant contends that the motion court committed plain error in failing to *sua sponte* vacate the sentence since there was an insufficient factual basis for the plea. There is no such thing as plain error in postconviction relief cases. *Clemmons v. State,* 795 S.W.2d 414, 418 (Mo.App. E.D.1990). Appellate review on a postconviction relief motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Id.* Point denied.

For the foregoing reasons, the judgment of the motion court is affirmed.

REINHARD and GARY M. GAERTNER, JJ., concur.