**STATE of Missouri, Respondent,**

v.

**Michael WHITE, Appellant.**

No. WD 58442.

Missouri Court of Appeals,
Western District.

Submitted May 23, 2001.

Decided Sept. 4, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 30, 2001.

Jeffrey A. Robertson, Hawk Point, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan L. Brown, Asst. Attorney General, Jefferson City, for Respondent.

Before EDWIN H. SMITH, P.J., JAMES M. SMART, JR., and VICTOR C. HOWARD, JJ.

SMART, Judge.

On January 25, 2000, Michael White was found guilty by jury verdict of (1) unlawful use of a weapon, in violation of § 571.030.1 RSMo 1994,[1] a class D felony, and (2) of possession of up to thirty-five grams of marijuana, in violation of § 195.202, a class A misdemeanor. White now appeals the verdicts and sentences on the basis that the trial court erred in failing to instruct the jury on the "peaceably carrying/traveler's" exemption to the unlawful use of a weapon charge.

We affirm the conviction for possession of marijuana, but reverse the conviction of unlawful use of weapon, remanding the case for a new trial on that issue.

### Factual and Procedural Background

In the early morning hours of July 21, 1999, the vehicle in which Michael White was a passenger was stopped by a Missouri Highway Patrol trooper for excessive speed. The trooper observed the vehicle traveling eastbound on Interstate 70 in Callaway County at eighty-nine miles per hour. When the trooper approached the vehicle, he saw that it was full of smoke. He testified that it smelled like cigarette smoke to him. The trooper asked the driver, Betzel, to step out of the car. After noticing something in the driver's pocket, the trooper asked Betzel if he could pat him down. Betzel consented, and the trooper felt something he thought could be drug contraband in Betzel's pocket. Betzel admitted there was marijuana in his pocket. The trooper took the marijuana from Betzel, and then obtained consent to search the car.

The trooper, after taking Betzel to the patrol car, returned to the detained vehicle, looked at White in the passenger seat and asked him if there were any guns or weapons in the car. White replied, "Yes ... [t]here's a gun underneath the seat." After taking White out of the car to ensure his own safety, the trooper pulled a nine millimeter pistol in a zippered container from underneath the passenger seat. The

---

1. All statutory references are to Missouri Revised Statutes, 1994, unless otherwise indicated.

chamber of the pistol was empty, but it had a loaded clip in it. A further search of the car revealed marijuana in the glove box next to White's identification. The trooper also found marijuana in White's pocket and in a pipe on White's person. White was arrested for possession of a misdemeanor amount of marijuana and for unlawful possession of a firearm.

White and Betzel were residents of Colorado. They were returning to Colorado following a visit to Illinois. They said they had been visiting White's mother and other relatives in Illinois. The car in question was a rented vehicle.

White was found guilty by jury verdict of misdemeanor possession of less than thirty five grams of marijuana, in violation of § 195.202, for which he was sentenced to fifteen days in the county jail and for the class D felony of unlawful possession of a firearm, in violation of § 571.030.1, for which he was sentenced to a $1,000.00 fine. This appeal ensued.

### "Peaceable Traveler's Exemption"

In his sole point on appeal, the White argues the trial court committed prejudicial error in refusing to instruct the jury with regard to the "peaceable traveler's exemption" to the unlawful possession charge. White asserts the trial court erred in failing to sustain his objection to instruction No. 5, which was offered by the State, in that the instruction did not include the "peaceably traveler's exemption" as required by MAI CR 3rd, and the evidence was such that the jury could have found that White's actions qualified him for the peaceable traveler's exemption to the unlawful possession charge.

At the instruction conference, White objected to the omission of the peaceable traveler instruction:

> [Defense Counsel]: I do, Your Honor. Instruction Number 5 we object and

believe and would offer that Instruction Number 5 should include a peaceable or traveling exception in the instruction. ... In this case the State did not establish a felony was committed, was being committed during the commission or during the carrying of this weapon and they did not establish that the travel was for an unlawful purpose. And in fact the trooper basically recited what the purpose of the travel was and that was to return to Colorado, therefore peaceable carry exception should apply, Judge.

The unlawful possession of weapons charge and the "peaceable traveler's exemption" to that charge are found in § 571.030. That section reads in pertinent part:

> 1. A person commits the crime of unlawful use of weapons if he or she knowingly:
>
> > (1) Carries concealed upon or about his or her person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use;
>
> > \* \* \*
>
> 3. Subdivisions (1), (5), (8) and (10) of subsection 1 of this section do not apply when the actor is transporting such weapons in a nonfunctioning state or in an unloaded state when ammunition is not readily accessible or when such weapons are not readily accessible. *Subdivision (1) of subsection 1 of this section does not apply when the actor is ... traveling in a continuous journey peaceably through this state....*
>
> > \* \* \*
>
> 5. Unlawful use of weapons is a class D felony....
>
> > \* \* \*

The burden is on the State to prove each element of the offense charged,

and when the defendant raises the "special negative defense" that he was within the peaceable travel exempted class designated in the statute, the State has the further burden of proving that the defendant was not engaged in the excepted activity (in this case, peaceable travel). *State v. Cooper,* 563 S.W.2d 784, 785 (Mo.App.1978). The "Notes on Use" for the applicable MAI CR3d jury instruction state that if there is evidence of one of the exemptions, a paragraph negating the exemption *must be submitted* to the jury. MAI-CR3d, 331.20 "Unlawful Use of Weapon: Carrying a Concealed Weapon."

White points out that section 1 of the statute does not apply when the actor is traveling in a continuous journey peaceably through the state. White contends the instruction as given [2] by the trial court, without the "peaceable traveler's exemption" language, failed to allow the jury to consider whether the traveler's exemption extends to him. The Missouri Supreme Court, in *State v. Purlee,* 839 S.W.2d 584 (Mo. banc 1992) stated: "[W]e hold that the travelers' exemption does not extend to persons traveling through this state during the commission of a felony or for any unlawful purpose." *Id.* at 592.

White argues the *Purlee* "Court chose its words carefully." He asserts:

> ... If the individual charged is traveling through the State during the commission of a felony the peaceable carry exception does not apply. If the Defendant is traveling through the State for any unlawful purpose the peaceable carry exception does not apply. What the Court did *not* say was that the travelers exemption does not extend to [a] person traveling through this State during the commission of a felony *or misdemeanor.* (Emphasis added.) ...

The court in *State v. Wilkerson,* 796 S.W.2d 388 (Mo.App.1990), however, earlier stated that in construing a statute's proviso, (*e.g.,* the phrase "continuous journey peaceably through this state,") it was required to "construe the phrase ... strictly, with doubts resolved in favor of the general provisions of the statute rather than the exemption." *Wilkerson,* 796 S.W.2d at 393.

■ The evidence shows that the journey was continuous (the two were traveling from an extended stay in Illinois directly back to their home state of Colorado). The evidence also shows that White was peaceable. White points out that: (1) there was no disturbance or problem when they were stopped; (2) they were traveling peaceably; (3) there was no resistance when the officer asked for the weapon; and (4) he immediately pointed the weapon out to the officer when asked if there was a weapon in

---

2. Instruction No. 5 as given states:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about July 21, 1999, in the County of Callaway, State of Missouri, the defendant carried upon or about his person a firearm, and
Second, that defendant carried the firearm so that it was concealed from ordinary observation, and
Third, that the firearm was readily capable of lethal use, and
Fourth, that the firearm was readily accessible, and

Fifth, that defendant acted knowingly with respect to the facts and conduct submitted in this instruction, then you will find the defendant guilty under Count I of unlawful use of a weapon.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
If you do find the defendant guilty under Count I of unlawful use of a weapon, you will assess and declare one of the following punishments: ...

the vehicle. On cross-examination by defendant's attorney, the officer testified:

Q. When you told him that you needed to handcuff him for your safety, he complied?

A. Correct.

Q. Was he quarrelsome?

A. No.

Q. No contention or strife? No resistance or anything like that?

A. No.

White testified at trial that he was carrying the weapon in the car for protection while traveling. Because they stopped at rest areas and White doesn't feel safe at a rest area if he's sleeping, he wanted to have some protection.

Furthermore, White argues that he was not committing a felony, in that the marijuana possession charge against him was a misdemeanor, and the "purpose" of his travel was not unlawful. The evidence, says White, showed only that the "purpose" of the travel was to return to his home in Colorado after spending time with family in Illinois. White contends that the mere possession of a misdemeanor amount of marijuana does not make the purpose of the travel unlawful.

Finally, White contends that not only did the court commit error, but that he was prejudiced by the error. White asserts the trial court's failure to allow the "peaceable traveler's exemption" instruction to be added to jury instruction No. 5 prejudiced him in that the instruction as given left the jury with no option but to convict. White argues: "It was clear that the verdict was compromised by virtue of the fact that they imposed a fine only. The jury felt they had no option not to find him guilty because they did not have the instruction available to them."

The State responds the court did not err in refusing to include the "peaceable trav-

eler's exemption" in the jury instruction, in that White was not entitled to the exemption because he was, in the words of *Purlee*, 839 S.W.2d at 592, "traveling ... for [an] unlawful purpose." The State asserts that the appellant's "unlawful purpose was to possess and transport marijuana within the state of Missouri."

The State points out that White and his friend were pulled over for driving eighty-nine miles per hour in a seventy-mile-per-hour zone, on their way back to Colorado from Illinois, "where they had allegedly spent the last two weeks helping appellant's mother around the house." Not only did the officer who stopped them find a loaded gun under the passenger seat, he also found two baggies of marijuana in White's pocket as well as a pipe with marijuana. Another baggy of marijuana in the center console of the car; rolling papers, a rolling machine, a pipe screen in the trunk of the car; and $3,800.00 in cash was also recovered at the time of the arrest. White testified he knew he was breaking the law by carrying the marijuana. The State asserts that "[f]rom this evidence the trial court could reasonably infer that [the] appellant was traveling for an unlawful purpose and refuse to include the exemption in the jury instruction." The State also contends, while White's actions "may not rise to a felonious level, when viewed in their totality they suggest an unlawful purpose that renders the peaceable traveler exemption void."

The State forgets that in determining whether a defendant is entitled to a particular jury instruction, the appellate court reviews the evidence in the light most favorable to the defendant. *State v. Deckard*, 18 S.W.3d 495, 499 (Mo.App. 2000). A defendant is entitled to an instruction that is supported by the evidence and any inferences that logically flow from the evidence. *Id.* Here, we cannot say

that a fact finder could not reasonably infer the presence of the marijuana was incidental to the trip, and that the trip had a lawful purpose. The State does not argue that the cash and the marijuana shows that the purpose of the trip was to sell marijuana in Illinois. Rather, the State argues the purpose of the trip was "to possess and transport marijuana within the State of Missouri."[3] In view of the fact that a fact finder would not have to conclude that White was guilty of a felony or that the trip had an unlawful purpose, the trial court should have given the instruction.

Error results when the trial court fails to give an instruction that is required by Missouri Approved Instructions, *State v. Gilmore,* 797 S.W.2d 802, 805 (Mo.App.1990), and such errors are presumed to prejudice the defendant unless it is clearly established by the State that the error did not result in prejudice. *State v. White,* 622 S.W.2d 939, 943 (Mo. banc 1981). Failure to give an MAI–CR instruction in accordance with an accompanying Note on Use is error. *State v. Tripp,* 939 S.W.2d 513, 520 (Mo.App.1997). The prejudicial effect of such error must be judicially determined. *Id.*

The State asserts because White failed to set out the text of the alleged erroneous jury instruction in the argument portion of his brief, the point of error may be reviewed for plain error only. Rule 84.04(e) states: "If a point relates to the giving, refusal or modification of an instruction, such instruction *shall be set forth in full* in the argument portion of the brief." (Emphasis added.) That rule is

made applicable in criminal appeals pursuant to Rule 30.06(d). Where a defendant fails to set forth the instruction in full in the argument portion of his brief, the point is not preserved for appeal and review is merely for plain error under Rule 30.20. *State v. Clayton,* 995 S.W.2d 468, 483 (Mo. banc 1999).

While it is true that "instructional error rarely rises to the level of plain error," *State v. Juarez,* 26 S.W.3d 346, 360 (Mo.App.2000), certainly it is possible that plain error can arise from the failure to give an instruction as to a defense or an exemption from prosecution. Where there is a facial indication of a manifest injustice or miscarriage of justice, we will review for plain error. Here there is a facial indication in that if the instruction had been given, the jury could reasonably have acquitted the defendant; without the instruction on "peaceable carry," the jury had no choice but to convict. *See Wilkerson,* 796 S.W.2d at 392. Therefore, we will review the matter under applicable case law as if the matter had been properly preserved. *Id.*

White argues that the only case that gives "clear cut guidelines" for this case is *State v. Purlee,* 839 S.W.2d 584 (Mo. banc 1992). In that case, Purlee was convicted by a jury of the class C felony of possession of more than 35 grams of marijuana and of unlawful use of a weapon,[4] for which he was sentenced to concurrent terms of seven and five years, respectively, and fined $100.00. *Purlee,* 839 S.W.2d at 587. On appeal, Purlee alleged, *inter alia,* that the State did not produce sufficient

---

**3.** It hardly makes a great deal of sense to believe that the *purpose* of the trip was to drive around with marijuana in Missouri.

**4.** The officer who made the stop found two large green duffel bags, which contained over eighty-six pounds of raw marijuana, com-

pressed into eight "bricks." *Purlee,* 839 S.W.2d at 586. The officer also found a loaded .38 caliber revolver lying on the floorboard between the two front seats and behind the van's engine console. *Id.*

evidence to support the conviction for unlawful use of a weapon, because Purlee was traveling in a continuous journey peaceably through the state, pursuant to § 571.030.3, and that this special defense required a reversal of his conviction on the weapon charge. *Id.* at 591. The Court stated: "[O]nce the accused raises the defense that he is within one of the exempted classes designated in the statute, the State has the burden of proving he is not within the exemption." *Id.*

Pointing out that Missouri's concealed weapon exemption for peaceful travelers dates back to 1874 and that both the exemption and its qualifier have survived a number of reenactments and amendments over the last century, the Court opined:

> Although this Court has not previously had occasion to contemplate the definition of peaceable travel, we agree that at a minimum the statute should not be construed as a license to carry a concealed firearm during the commission of a felony or a breach of the peace. Therefore, we hold that the *travelers' exemption does not extend to persons traveling* through this state *during the commission of a felony or for any unlawful purpose.*

*Id.* at 592 (emphasis added) (citations omitted).

In *Purlee,* the Court concluded, there was abundant evidence from which reasonable jurors could have concluded Purlee knowingly carried a concealed, loaded revolver within easy reach as he drove the van. *Id.* Further, because the evidence was sufficient to sustain the felony conviction for possession of marijuana, Purlee

did not come within the statutory travelers' exemption. *Id.*

Earlier, in *State v. Wilkerson,* 796 S.W.2d 388 (Mo.App.1990), the Southern District dealt at length with the "traveler's exception" to the concealed weapon statute. In that case, the defendant contended there was no substantial evidence to support his conviction of carrying a concealed weapon. *Wilkerson,* 796 S.W.2d at 392. The court reviewed on the basis of plain error. *Id.*

Pointing out the burden was on the State to prove each element of the offense charged, the court stated:

> ... when the accused raises the special negative defense that he was within one of the exempted classes designated in the statute, the State has the further burden to prove that the defendant was not within the exemption. The specific question, then, is whether the State had proof that the defendant was not traveling in a continuous journey peaceably through this State when the crime charged was committed.

*Id.* at 392–93 (citations omitted). Although the defendant in this pre-*Purlee* case attempted to argue that the purpose of his travel was irrelevant, the court concluded the "traveler's" exemption cannot be extended to travel which has an unlawful purpose. *Id.* at 392–93. Explaining that "[t]he exemption is extended to enable travelers to protect themselves on the highways against such potential or unknown dangers as are not supposed to exist among their own neighbors,"[5] the

---

5. In examining similar laws from other jurisdictions, the *Wilkerson* court observed that the Texas traveler's exemption provides that "[t]he provisions of [the section making it an offense to carry 'on or about his person a handgun, illegal knife, or club'] ... do not apply to a person ... (3) traveling." *Wilker-*

son, 796 S.W.2d at 393. The *Wilkerson* court then cited *United States v. Prieto–Tejas,* 783 F.2d 1260, 1261–62 (5th Cir.1986), in which the Court of Appeals opined that Texas' statutory exemption should not be construed as a license to carry a concealed firearm during the commission of a felony. *Id.* at 394. The

court refused to extend the exemption to Wilkerson, stating:

> In this case ... a considerable quantity of methamphetamine [and cocaine] was being transported through the state. If we adopt the [defendant's] construction of the traveler's exemption ..., then the couriers who transport tons of viciously addictive substances through Missouri along Interstate routes ... will be given license to carry a pistol in order to facilitate their traffic in drugs.

*Wilkerson,* 796 S.W.2d at 394.

This case is distinguishable from *Wilkerson* and *Purlee* in that here there was no "considerable quantity" of drugs being transported through the state. The amount possessed by White was a misdemeanor-sized amount, and that fact alone does not demonstrate the purpose of the trip was unlawful sales of marijuana. While the substantial amount of cash carried by the two men was also a suspicious circumstance, we cannot say the cash and the marijuana together were sufficient proof of felonious activity or unlawful purpose to have warranted the denial of an instruction for the "peaceable traveler's exemption."

The State primarily relies upon *Powell v. State,* 945 S.W.2d 622 (Mo.App.1997) to support its position. In this more recent case, Powell appealed the denial of his Rule 24.035 motion following an evidentiary hearing, at which he attempted to withdraw his plea and have the sentence vacated on the basis that his counsel was ineffective for failing to obtain a ruling from the court on an initial motion to dismiss based upon the peaceable journey exception to the concealed weapon statute. *Powell,* 945 S.W.2d at 623.

The evidence adduced at trial showed that after Powell admitted to the Sheriff he had a pistol in the trunk of his vehicle, the Sheriff asked for and received permission to search the vehicle. The Sheriff found a loaded .40 caliber pistol in the glove compartment and another pistol, was reported "stolen out of St. Louis," in the trunk of the car. *Id.* Powell was only charged with one count of unlawful use of a weapon, however. *Id.*

At the preliminary hearing, Powell's counsel moved to dismiss the complaint under the peaceable journey exception, but never pursued the motion to a ruling. Powell later entered an *Alford* plea and was sentenced by the court. *Id.*

On appeal of the denial of his post-conviction motion, the *Powell* court concluded:

> The peaceable journey exception is not applicable as an affirmative defense in [this] case. The exception does not apply to persons traveling through the state for any unlawful purpose. [Powell] was in possession of stolen property, the P–89 Ruger pistol found in [the] trunk.... Also, [Powell] was driving at an extremely high rate of speed, between ninety and one hundred miles per hour, for which he received a speeding ticket. The circumstances show that [Powell] was engaged in illegal activity while carrying a loaded and concealed weapon, making the peaceable journey exception inapplicable. Therefore, there is no showing of prejudice because the peaceable journey defense would not have succeeded at trial.

*Id.* at 624 (citations omitted). Thus, in *Powell,* the court believed the possession

---

*Wilkerson* court observed that while the Texas courts "have not been of a single mind" concerning the meaning of the word "traveling" in that state's statute, the Texas opinions do support the proposition that a traveler who turns aside from a lawful journey to engage in unlawful activity forfeits the benefit of the exemption. *Id.*

of property stolen from St. Louis and the "extremely high rate of speed" defeated the right to raise the exemption *Id.*

This case is distinguishable from *Powell* in that here it is not clear that any illegal activity was related to the purpose of the trip. Nor is it shown White committed a felony, either in Missouri or anywhere else. Nor is there evidence that White was guilty of extreme speeding. Even if traveling 89 m.p.h. in a 70 m.p.h. stretch of highway would be extreme speeding, the evidence does not show White was guilty of speeding. Betzel was driving, and there is no evidence White was even awake at the time of the speeding.

### Conclusion

When the accused raises a defense that he was within an exempted class designated in the unlawful use statute, the State has the burden of proving that the defendant was not within the exemption. *Cooper,* 563 S.W.2d at 785. The State has not shown that White was not entitled to an instruction on the exemption. The trial court prejudicially erred in not including the "peaceable traveler's exemption" in the instruction given to the jury.

We affirm the conviction for possession of marijuana, but reverse the conviction of unlawful use of weapon, remanding the case for a new trial on that issue.[6]

EDWIN H. SMITH and HOWARD, JJ., concur.

---

6. Defendant seems to be appealing his conviction on both counts. He acts as though any error as to the unlawful use instruction should result in reversal of all convictions. Defendant never explains, however, how the "peaceable traveler" issue has anything to do with the possession of marijuana conviction. Accordingly, the conviction for possession of marijuana is affirmed.