**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jessica E. WEDDLE, Defendant–Appellant.**

**No. 24753.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 26, 2002.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 15, 2002.

Application for Transfer Denied Nov. 26, 2002.

Nancy A. McKerrow, Assistant Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Jessica E. Weddle (defendant) was convicted following a jury trial of unlawful use of a weapon, a class D felony.[1] § 571.030.1(4), RSMo 2000. She appeals contending the trial court erred in failing to instruct the jury on self-defense. This court reverses and remands for new trial.

Defendant was 17 years old at the time of the charged offense. She and her mother, Christina Lane, had spent the night at a motel. A friend of defendant's mother, Dave Roden, stopped by the motel to check on them. After he arrived, defendant and Ms. Lane became embroiled in a dispute about defendant's work schedule and defendant's need for transportation to and from her place of employment. Defendant attempted to take her bags and leave against the wish and directive of her mother.[2] Ms. Lane asked Mr. Roden to block defendant's exit. Mr. Roden is a large man. The record reflects he is 6 feet 2 inches tall and weighs 250 pounds.

---

1. Defendant was also charged with assault in the third degree, a class A misdemeanor. § 565.070, RSMo 2000. She was found not guilty of that offense.

2. Mr. Roden testified defendant "started packing her stuff"; that defendant told her mother "she was going to do whatever the f--- she wanted to do and couldn't nobody do nothing about it because she didn't like being told what to do."

Mr. Roden blocked the motel room doorway. Defendant attempted, unsuccessfully, to push her way by him and leave the room. At some point, defendant removed a knife from her purse and exhibited the weapon in a threatening manner at Mr. Roden. There was conflicting evidence regarding what occurred that prompted defendant to exhibit the knife.

Mr. Roden was asked the following questions about the incident and gave the following answers:

Q. [by the prosecuting attorney] Tell me about when she pulled a knife. How did that happen?

A. Well, she come to the door. When she said she was going to leave and I told her, I said, "Jess, your mother doesn't want you to leave," you know. And she just kind of turned around, and she had like a duffle bag.

Q. Where was her duffle bag?

A. She was carrying it, she had it on her shoulder and had her purse. She sat it down, might have set it on the coffee table in the motel room. She got in her purse, turned back around, and she had a knife.

Mr. Roden testified that defendant stepped toward him with the knife open and the blade extended toward him. He said, "She turned, walked towards me, took a step and another step, said like, 'I'm not going to stay here, you can't keep me here,' then she come up with the knife." He said the blade of the knife was coming toward his face; that he grabbed her wrist. He shook the knife out of defendant's hand. According to Mr. Roden, he pushed defendant on the bed and held her down.

Defendant's version of what happened differed from Mr. Roden's. She testified:

We got into an argument and I mean I tried to push my way out the door, but—I mean he pushed me back and I fell. And I got back up and I went—I attempted to leave again, and he stopped me and he pushed me onto the bed. And I got my knife out of my purse with my left hand because my right arm—he was choking me. I guess he was choking me, but he was like—my arm was like this and all his body weight was on top of me.

And anyway, this arm was free, he had his like right arm like right here holding this arm down, but the bottom part could move, so I reached into my purse and I got my knife and I told him to get off me....

Defendant told the jury Mr. Roden pushed "all his body weight" on her arm; that he was choking her; that she "was turning purple in the face."

An instruction is required when there is substantial evidence that would support it. *State v. Westfall*, 75 S.W.3d 278, 280 (Mo. banc 2002). "Substantial evidence of self-defense requiring instruction may come from the defendant's testimony alone as long as the testimony contains some evidence tending to show that he [or she] acted in self-defense. Moreover, an instruction on self-defense must be given when substantial evidence is adduced to support it...." *Id.* at 280–81 (footnotes omitted).

Defendant submitted two self-defense instructions patterned after MAI–CR3d 306.06. The trial court refused both instructions. The refused instructions were labeled "Instruction No. A" and "Instruction No. C" and are included in the record on appeal.[3]

---

**3.** The only difference in the two instructions is that Instruction No. A includes two paragraphs at the end that are patterned after

 Directions on the use of MAI–CR3d require the 306.00 Series of jury instructions to "be given where applicable, whether requested or not." MAI–CR3d, "How to Use This Book Overview," page i. "The self-defense instruction [i.e., MAI–CR3d 306.06] must be submitted when the evidence viewed most favorable to the defendant supports it." *State v. Bowman*, 869 S.W.2d 901, 903 (Mo.App.1994).

Error results when the trial court fails to give an instruction that is required by Missouri Approved Instructions, *State v. Gilmore*, 797 S.W.2d 802, 805 (Mo.App. 1990), and such errors are presumed to prejudice the defendant unless it is clearly established by the State that the error did not result in prejudice. *State v. White*, 622 S.W.2d 939, 943 (Mo.banc 1981).

*State v. White*, 58 S.W.3d 627, 633 (Mo. App.2001).

The evidence in this case viewed most favorable to defendant was that she retrieved the knife from her purse and exhibited it in response to being choked. It was up to the jury to determine the believability of that evidence. The trial court erred in not submitting a self-defense instruction. The state did not clearly establish a lack of prejudice. Defendant's point on appeal is granted.

As noted, defendant submitted two proposed self-defense instructions. *See* n. 3, *supra*. The question of which instruction should be given upon retrial has not been addressed. The evidence on which a self-defense instruction is based may differ on retrial from the evidence adduced in the trial that produced this appeal. Instructions given a jury must be consistent with the evidence adduced.

paragraph [6] of "Part C—Special Matters" of

The judgment is reversed. The case is remanded for new trial.

PREWITT, P.J., and SHRUM, J., concur.

