**Marcus A. TAYLOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. WD 73193, WD 75348.

Missouri Court of Appeals,
Western District.

July 16, 2013.

Rosalynn Koch, Columbia, MO, for appellant.

Dora Fichter, Jefferson City, MO, for respondent.

Before Division One: GARY D. WITT, Presiding Judge, THOMAS H. NEWTON, Judge and MARK D. PFEIFFER, Judge.

GARY D. WITT, Judge.

Marcus Taylor ("Taylor") appeals from the denial of his Rule 24.035 motion after an evidentiary hearing. He argues that his plea counsel did not act as a reasonably competent attorney on the ground that counsel failed to advise him of a defense to the charge of first degree robbery. Taylor claims that evidence established that the State could only prove the elements of second degree robbery. Affirmed.

### Factual and Procedural History [1]

The State initially charged Taylor with one count of robbery in the first degree, a class A felony (section 569.020),[2] one count of armed criminal action, an unclassified felony (section 571.015), and one count of resisting arrest, a class D felony (section 575.150).

On February 20, 2006, Taylor entered the Moberly Travel Center wearing a mask, where he flashed the barrel of a gun and directed the clerk to "give me the money," and then to "give me the twenties." While complying with Taylor's directives, the clerk tried to get a better look at the weapon, noting that Taylor was attempting to keep the weapon hidden from view. After complying with several of Taylor's commands and handing over around $900 from the register, the clerk noticed the butt cap of the gun had a wingnut, so he assumed that it was a $CO_2$ powered pellet gun. Taylor fled the scene

---

1. We view the facts in the light most favorable to the judgment. *Powell v. State,* 945 S.W.2d 622, 623 (Mo.App. E.D.1997).

2. All statutory references are to RSMo 2000 as currently supplemented unless otherwise indicated.

and led police on a high-speed chase, eventually crashing his car and fleeing on foot. He was apprehended with the help of a canine unit shortly thereafter.

Taylor gave a post-*Miranda*[3] statement to detectives. He admitted planning the robbery, obtaining a gun, which he describes as a pellet gun resembling a .45 caliber handgun, and using this pellet gun to complete the robbery. Taylor denied pointing the gun at the clerk, but admitted that he let the clerk see the gun in his hand.

Video surveillance from the incident indicates that Taylor attempted to conceal or obstruct a clear view of the weapon in his hand during the course of the robbery. The video also reveals a chronology of events consistent with the clerk's testimony. Specifically, the recording confirms that the clerk's first opportunity to observe the weapon was near the conclusion of the robbery—after the clerk had complied with virtually all of Taylor's demands—and not at the beginning of the robbery.

On November 17, 2006, Taylor pled guilty to first degree robbery and resisting arrest under the agreement that the State would dismiss the armed criminal action charge and that Taylor would be sentenced to no more than fifteen years on the other two counts. The trial court explained to Taylor his constitutional rights, and Taylor waived those rights and acknowledged that his counsel had fully explained the proceedings and had not threatened or coerced him.

At the time of his plea, Taylor had another felony case pending in Boone County for which he had the possibility of institutional treatment as part of his sentencing. In order to allow Taylor to avail himself of that treatment opportunity, the parties agreed to drop the fifteen-year cap in exchange for Taylor receiving a suspended execution of sentence and probation on the robbery count. Pursuant to the amended plea agreement, the trial court imposed concurrent sentences of twenty-five years for robbery and four years for resisting arrest, but suspended execution of sentence for the robbery count and placed Taylor on five years' probation.

On September 2, 2009, the court revoked Taylor's probation and ordered execution of his previously imposed twenty-five year sentence in the Department of Corrections because of a probation violation arising from an incident in which Taylor assaulted his mother.

On March 1, 2010, Taylor filed a *pro se* motion under Rule 24.035.[4] Taylor's counsel was allowed to amend the motion to allege that Taylor's trial counsel was ineffective for failing to advise him of a defense to the first degree robbery charge.

The State moved to dismiss Taylor's Motion to Vacate, set Aside or Correct Judgment or Sentence, stating that the appropriate time for filing the motion had expired. On October 20, 2010, a hearing was held regarding State's Motion to Dismiss and on October 21, 2010 the Motion to Dismiss was granted without prejudice because the Motion was not timely filed.

Taylor appealed the denial of his Rule 24.035 motion and on October 27, 2011, this court remanded the case to the trial court for issuance of findings of fact and

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. Taylor seeks relief under Rule 29.15. However, the proper rule is 24.035 because Taylor is seeking relief after a guilty plea (Rule 24.035) and not a trial (Rule 29.15). The State does not challenge this error of citation to the wrong rule as a procedural bar to relief.

conclusions of law. On November 23, 2011, the trial court found that the motion was timely filed and that Taylor was entitled to an evidentiary hearing thereon, which was set for March 21, 2012. Following that evidentiary hearing, judgment was entered denying Taylor's claim and finding that his plea counsel was not ineffective.

Taylor appeals.

## Standard of Review

■ In determining whether the motion court erred in denying Taylor's motion for post-conviction relief, our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "Error is clear when the record definitely and firmly indicates that the circuit court made a mistake." *Gerlt v. State*, 339 S.W.3d 578, 582 (Mo.App. W.D.2011) (quoting *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995)).

## Analysis

In his sole point on appeal, Taylor argues that plea counsel did not act as a reasonably competent attorney on the ground that counsel did not advise him of a potential defense to the first degree robbery charge. Specifically, Taylor argues that his counsel failed to inform him that discovery in the form of video surveillance showed that he was not guilty of first degree robbery because his weapon was only a pellet gun that did not appear to be a deadly weapon and because the victim knew that Taylor had only a pellet gun and not a firearm. Taylor argues that but for counsel's ineffectiveness, Taylor would not have pled guilty and would have proceeded to trial.

Under section 569.020.1(4), a defendant may be convicted of the offense of robbery in the first degree if he "displays or threatens the use of what *appears* to be a deadly weapon or dangerous instrument" (emphasis added). The State argues that Taylor failed to show that he had a viable defense to the charge of robbery in the first degree because Taylor used the gun in a manner that caused the clerk to believe that he was armed with what appeared to be a deadly weapon, which would support a conviction for first degree robbery. Therefore, the State argues, counsel's advice to plead guilty did not fall below an objective standard of reasonableness. We affirm.

" 'To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test.' " *Glaviano v. State*, 298 S.W.3d 112, 117 (Mo.App. W.D.2009) (quoting *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009)). "The movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation and that trial counsel's failure prejudiced the defendant." *Glaviano*, 298 S.W.3d at 117; *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If either the performance prong or the prejudice prong is not met, then we need not consider the other, and the claim of ineffective assistance of counsel must fail. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

■ "However, by entering a plea of guilty, a defendant waives every claim of error except claims involving the voluntariness or understanding of the plea." *Gerlt*, 339 S.W.3d at 582 (quoting *Herriford v. State*, 295 S.W.3d 904, 906 (Mo.App. W.D. 2009)). "A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Id.* (quoting *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009)). "Due

process requires that a person who wishes to plead guilty must be competent to do so and must enter the plea knowingly and voluntarily." *Id.* (quoting *State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998)). "In addition to his claim that his plea was involuntary due to the inadequacy of counsel's representation, he must also 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Id.* (citations omitted).

 Taylor asserts that the defense, of which his plea counsel did not inform him, was clearly identified on the State's video surveillance evidence, in that it did not show that he displayed or threatened the use of what appeared to be a deadly weapon as required by section 569.020.1(4). However, that Taylor did not possess a dangerous weapon is immaterial based on the facts of this case. "Robbery in the first degree may be found where the victim is in fear even though there was no real possibility of injury" and "the fact that a victim perceives there to be a weapon that remains unseen is sufficient whether or not, in fact, such a weapon exists." *State v. Simrin*, 384 S.W.3d 713, 719 (Mo. App. S.D.2012) (citations omitted). "Whether or not the object that is perceived as a deadly weapon or dangerous instrument is in fact capable of producing harm is unimportant. The threat to use the object to produce harm transmogrifies it into a dangerous instrument." *Id.* (citation omitted). *See also Lewis v. State*, 24 S.W.3d 140, 144 (Mo.App. W.D.2000) (citing cases which held that there was evidence from which the fact finder could reasonably conclude that the victim believed that the defendant was threatening the use of a deadly weapon or dangerous instrument).

██ Here, Taylor argues that the video surveillance, which had been provided to defense counsel in discovery, established that he did not point his gun at the victim and did not threaten that he had a deadly weapon or that he would inflict harm on the victim. Regardless of whether Taylor showed the clerk the barrel of the gun, the fact remains that he used the gun in a manner that caused the clerk to believe that he was armed with what appeared to be a deadly weapon or dangerous instrument. The mere fact that the clerk perceived Taylor to be armed with a weapon while demanding money is sufficient to support a conviction for robbery in the first degree. *See State v. Woodson*, 140 S.W.3d 621, 628 (Mo.App. S.D.2004) (holding that the evidence was sufficient to show that the defendant displayed or threatened use of what appeared to be a deadly weapon even though the eyewitness realized during the robbery that the gun displayed was fake). Therefore, it is immaterial that the clerk, after fearfully complying with Taylor's orders, realized later that the weapon being used was a pellet gun and not a firearm. *Simrin*, 384 S.W.3d at 719 (citing *State v. Saucy*, 164 S.W.3d 523, 527 (Mo.App. S.D.2005)) ("[c]ompliance with the demands of the robber is indicative of the victim's fear of the consequences which could have resulted had he ... not complied"). Taylor himself admits that the gun he used resembled a .45 caliber handgun.

In short, Taylor has not shown that his counsel failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation under the first prong of *Strickland*. Since the performance prong is not met, we need not consider the prejudice prong of the two-prong test. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Point One is denied.

### Conclusion

The motion court did not clearly err in denying Taylor's motion for postconviction

relief. The judgment of the motion court is affirmed.

All concur.