**STATE of Missouri, Plaintiff-Respondent,**

v.

**William Jason GEBHARDT, Defendant-Appellant.**

**No. 51285.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 10, 1987.

Motion for Rehearing and/or Transfer Denied March 11, 1987.

Henry B. Robertson, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant was convicted by a jury of capital murder (Sec. 565.001 RSMo 1978 since repealed) and sentenced to life imprisonment without eligibility for probation or parole for fifty years. He appeals. We affirm.

No challenge is raised to the sufficiency of the evidence to support the conviction. The victim was defendant's mother, whom he first strangled then stabbed and when she still showed signs of life returned to stab again. His reason for the attack was the victim's refusal to let defendant attend a movie and her slapping him when he

persisted. During the trial defendant testified to having killed his mother but professed to having blacked out during the assault although shortly thereafter he regained his memory of what happened. The assault was interrupted by a telephone call from one of defendant's friends. After conversing with his friend, defendant returned to his interrupted activity.

 As his first point on appeal, defendant challenges the action of the prosecuting attorney in discussing the insanity defense on voir dire and to statements during summation which defendant interprets as shifting the burden of proof of the mental elements of the crime. There is no claim that the discussion of the insanity defense was inaccurate or legally incorrect. Rather the contention is that the question of insanity was not involved in the case. This overlooks the fact that defendant by written motion advised the court of his intention to rely on a defense of mental disease or defect excluding responsibility. While defense counsel in arguing her objection to the voir dire discussion stated she did not have evidence to support the defense, she refused to withdraw the document stating defendant would assert that defense. The question of mental disease or defect was in the case because of defendant's notice of intent to rely on the defense and refusal to withdraw that notice. In fact, defendant tendered instructions on that defense which were refused by the court because of a lack of evidentiary support. A prosecutor may discuss the law applicable to a case during voir dire. *State v. Thompson*, 610 S.W.2d 629 (Mo.1981) [9]. There was no abuse of the court's discretion in allowing discussion of the issue.

During summation of defendant's case, counsel relied heavily upon an argument that defendant lacked the capacity to form the intent necessary to the crime of capital murder. There was no evidence of the absence of such capacity. In response the prosecutor stated that he did not have the burden to establish defendant's mental capacity or that he had any particular mental abilities. The prosecutor stated that it was his burden to prove that defendant committed the murder after having formed certain mental elements and that this proof is satisfied by showing the circumstances of the murder. We find nothing offensive about the argument. Proof of the mental elements of crimes can be proved, and usually must be proved, by evidence of the circumstances under which the crime was committed. It is not the burden of the prosecutor to establish the defendant's mental capacity through expert testimony where there exists no evidence that he lacks mental capacity. *State v. Thompson*, 695 S.W.2d 154 (Mo.App.1985) [6–9]. That is what the prosecutor argued. We find no error.

Defendant's final point is that he is entitled to a new trial on the basis of newly discovered evidence. That evidence was contained in juvenile court records prepared when the victim and her husband were adopting defendant. Based upon those records a psychologist came to a somewhat different opinion than had a psychiatrist who gave his opinion prior to trial concerning defendant's diminished capacity to appreciate the nature, quality and wrongfulness of his behavior. Two prerequisites which must be met to justify a new trial on the ground of newly discovered evidence are that the evidence has come to the knowledge of the defendant since the trial and that its earlier discovery was not owing to defendant's want of due diligence. *State v. Davis*, 698 S.W.2d 600 (Mo.App. 1985) [2]. Neither of these prerequisites has been met here. The juvenile court records were in existence long before the trial and defendant knew he was adopted. Any material relevant to defendant's claim of diminished capacity could have been obtained from those records before trial.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.