Dale DOBBINS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 86737.

Supreme Court of Missouri,
En Banc.

April 11, 2006.

Dale Dobbins, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Deborah Daniels, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.[1]

## Introduction

Dale Dobbins was charged with possession of more than five grams of marijuana with intent to distribute, driving with a suspended license, and failure to maintain financial responsibility.[2] The parties negotiated a plea involving 10–years' imprisonment and dismissal of one charge. Dobbins rejected it and, instead, entered an "open" plea of guilty. He relied on his attorney's advice that, whatever sentence he received, he would be eligible to petition for early release pursuant to section 558.046 upon completion of a detoxification and rehabilitation program. The trial court found that the range of punishment under the open plea was 10 to 30 years or life imprisonment. The court imposed an 18–year sentence and a six-month sentence for the possession and suspended license charges, respectively.[3]

After learning that he was not eligible to petition for early release under section 558.046, Dobbins filed this motion to set aside his plea under Rule 24.035. He alleged his counsel provided ineffective assistance of counsel because counsel had affirmatively misled him as to his eligibility under section 558.046. After an evidentiary hearing, the motion court overruled the motion. This Court finds that counsel was ineffective in affirmatively misleading Dobbins as to the applicability of section 558.046 and that this ineffectiveness prejudiced him. The motion court's judgment is reversed, and the case is remanded.

## Standard of Review

On appeal from denial of post-conviction relief, this Court is limited to a determination of whether the findings and conclusions were clearly erroneous. *Rule 24.035(k)*. The findings and conclusions "are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994).

## Discussion

Following a guilty plea, the ineffectiveness inquiry is limited to whether counsel's actions impinged on the movant's ability to enter a knowing and voluntary plea. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely. *Dor-*

---

1. This Court transferred this case after decision by the Court of Appeals, Western District, pursuant to Rule 84.16. *Mo. Const. article V, section 10.*

2. Sections 195.211, 302.321, and 303.025, RSMo 2000, respectively. All other statutory references are to RSMo 2000.

3. The state dismissed the financial responsibility charge.

*sey v. State,* 115 S.W.3d 842, 845 (Mo. banc 2003). If a defendant is misled or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, then the defendant should be permitted to withdraw the plea. *State v. Nunley,* 923 S.W.2d 911, 920 (Mo. banc 1996).

■ Dobbins and his attorney agree that the decision to plead guilty was the result of the attorney affirmatively advising Dobbins that any sentence he received could be attacked by motion under section 558.046.[4] That advice was incorrect. Section 558.046 does not apply to a person who is a "prior offender" as defined in section 558.019. *Section 558.046(3)(a).* The state concedes that Dobbins had a prior felony drug conviction for possession of a controlled substance-cocaine-in violation of section 195.202.2; thus, he was a prior offender for purposes of 558.046(3)(a) and ineligible to seek a sentence reduction under section 558.046.

On these facts, counsel was ineffective for affirmatively misrepresenting Dobbins' eligibility to attack his sentence after pleading guilty.

■ Counsel's ineffectiveness must be joined with prejudice to afford Dobbins relief. In this case, Dobbins was prejudiced because he rejected an offer to plead to a charge resulting in a 10–year sentence. If he had known he was not able to challenge the sentence, he would not have entered an open plea, but would have accepted the offer, which matched the lowest sentence he could have received under the open plea agreement. Moreover, the facts relating to Dobbins' understanding of the plea and his agreement that no one had promised leniency for the plea are irrelevant. It was not the sentence to be imposed that concerned Dobbins—it was his eligibility for sentence reduction as to any sentence that was imposed. His attorney's affirmative misrepresentation as to his ability to challenge the sentence prejudiced Dobbins by causing him to plead guilty when he otherwise would not have done so.

## Conclusion

The judgment is reversed, and the case is remanded.

All concur.

---

4. Section 558.046 provides:

The sentencing court may, upon petition, reduce any term of sentence or probation pronounced by the court or a term of conditional release or parole pronounced by the state board of probation and parole if the court determines that:

(1) The convicted person was:

(a) Convicted of a crime that did not involve violence or the threat of violence; and

(b) Convicted of a crime that involved alcohol or illegal drugs; and

(2) Since the commission of such crime, the convicted person has successfully completed a detoxification and rehabilitation program; and

(3) The convicted person is not:

(a) A prior offender, a persistent offender, a dangerous offender or a persistent misdemeanor offender as defined by section 558.016; or

(b) A persistent sexual offender as defined in section 558.018; or

(c) A prior offender, a persistent offender or a class X offender as defined in section 558.019.