Thomas C. HERRIFORD, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 69707.**

Missouri Court of Appeals, Western District.

Nov. 3, 2009.

Susan Hogan, Kansas City, MO, for Appellant.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division III: THOMAS H. NEWTON, Chief Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Judge.

Thomas C. Herriford (Herriford) appeals the denial of his Rule 24.035 [1] motion by the Circuit Court of Jackson County (motion court). In his sole point on appeal, Herriford argues that the motion court erred in overruling his motion because he contends that his attorney's failure to obtain a mental evaluation prior to a plea deal was ineffective assistance of counsel that resulted in his plea being involuntary. We affirm.

Herriford was charged with four felony counts in connection with the robbery of a Time Warner Cable store that took place on July 23, 2004. The counts were first-degree robbery, armed criminal action, unlawful use of a weapon, and resisting arrest. The State offered a plea deal whereby in exchange for Herriford pleading guilty, they would not seek more than

---

1. All rule references are to Missouri Rules of Criminal Procedure, 2009, unless otherwise indicated.

seventeen years for any one count and that all counts would run concurrently. Furthermore, the State agreed not to seek to prove Herriford as a persistent felony offender which, if established, would mean that Herriford would serve one hundred percent of the fifteen-year minimum sentence for unlawful use of a weapon if convicted on that charge. The State indicated that Herriford would be required to serve at least eighty-five percent of any sentence imposed before he was eligible for parole.

Herriford agreed to the plea deal and, at the arraignment, testified that he understood the consequences of the plea deal, that his attorney had not coerced him or otherwise induced him to accept it, and that his attorney had represented him adequately and to his satisfaction. Prior to his sentencing hearing, Herriford was examined and diagnosed by Dr. Gregory Sisk. At the sentencing hearing, Dr. Sisk testified that Herriford suffered from post-traumatic stress disorder and depressive disorder. Dr. Sisk maintained that, though appellant knew what he was doing on July 23, 2004, his disorders contributed to his decision to participate in the crimes. The judge sentenced Herriford to fifteen years for unlawful use of a weapon, twelve years for first-degree robbery, four years for resisting arrest, and three years for armed criminal action, all of the sentences to run concurrently. Herriford filed a Rule 24.035 motion alleging that counsel's failure to have Dr. Sisk examine him prior to negotiation of the plea bargain was ineffective assistance of counsel. A hearing on Herriford's motion was held on October 19, 2007. The motion court found that Herriford was not prejudiced by this failure and Herriford filed the present appeal.

■ Our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). The findings and conclusions of the motion court are only clearly erroneous if, after an examination of the complete record, we "are left with the definite and firm impression that a mistake has been made." *Samuel v. State*, 284 S.W.3d 616, 618 (Mo.App. W.D.2009). To gain relief on a claim of ineffective assistance of counsel, Herriford is obliged to show that his attorney did not "exercise the customary skill and diligence that a reasonably competent attorney would [have] exercise[d] under similar circumstances" and that his attorney's failures prejudiced his case. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc), *cert. denied*, 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). However, by entering a plea of guilty, a defendant waives every claim of error except claims involving the voluntariness or understanding of the plea. *Pettis v. State*, 212 S.W.3d 189, 193 (Mo.App. W.D.2007). Consequently, " '[i]n order to satisfy the "prejudice" requirement, a defendant challenging a guilty plea based on ineffective assistance of counsel must allege facts showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ' " *Id.* (quoting *Weston v. State*, 2 S.W.3d 111, 114 (Mo.App. W.D. 1999)).

■ In his sole point on appeal, Herriford argues that his counsel's failure to cause a mental health examination to be conducted prior to negotiating a plea deal was ineffective assistance of counsel. Herriford contends that this ineffective assistance of counsel prevented his knowing, voluntary, and intelligent acceptance of his guilty plea because he believes that, if his plea counsel had knowledge of the psychologist's assessment, his counsel *could* have

negotiated a better plea deal. Herriford's appeal fails for a number of reasons.

Herriford fails to assert grounds for a proper Rule 24.035 motion. As noted above, Herriford waived every claim of error unless the claim involved the voluntariness or understanding of the plea. *Id.* Herriford attempts to squeeze his claim into this category by asserting that his counsel's alleged ineffectiveness caused his plea to be involuntary. However, even if Herriford were successful in proving that his plea counsel unreasonably erred as he argues, Herriford fails to detail how this alleged error would have made his plea involuntary or unknowing or that he wouldn't have accepted the plea deal if the prosecutor refused to budge with the "new" evidence of his mental history. Consequently, Herriford fails to demonstrate that his plea was involuntary due to alleged unreasonable plea counsel error and thus he fails to demonstrate any prejudice.

Presumably, Herriford is attempting to argue that his agreement to the actual plea deal was involuntary because, absent his attorney's error, there was *possibly* a better deal available to him and he would not have agreed to the first when the second was a *possibility*. However, if a Rule 24.035 motion were available to anyone who would have not agreed to the plea if his attorney could have *possibly* gotten him a better plea deal, it is hard to imagine a defendant who would not meet that standard—a standard that does not exist under the law. Instead, the requirement for a plea to be found involuntary is that, absent the alleged ineffective plea counsel's error, the defendant would not have been induced to agree to the plea. *Id.* Consequently, though Herriford attempts to frame his claim of attorney error as an issue affecting his voluntary acceptance of his guilty plea, this argument fails because he does not assert that but for his counsel's failure to investigate his mental illness prior to plea negotiation, he would not have accepted the plea that he ended up accepting. Instead, Herriford maintains only that if plea counsel had investigated appellant's mental health prior to plea negotiation, plea counsel might have been able to negotiate a more favorable plea deal from the prosecutor.[2] The inference Herriford urges is that because of the *potential existence* of a *possibly* better plea deal, Herriford's acceptance of the *actual* plea deal was involuntary. However, at no point in time does Herriford propound any evidence or argument that he would *not* have accepted a plea deal if he had not received the more favorable plea deal that he claims he *might* have received. As such, Herriford cannot prevail in convincing this court that there is any plausible evidence in the record that his actual plea was involuntary. Accordingly, his Rule 24.035 motion fails.

Additionally, Herriford's motion must also fail because there is no evidence that Herriford was prejudiced by any conduct of his plea counsel. For a claim of ineffective assistance of counsel to be successful, the movant must show both error on the part of counsel and prejudice resulting from that error. *Clayton v. State,* 63 S.W.3d 201, 206 (Mo. banc 2001), *cert. de-*

---

**2.** Appellant is seeking an adjustment of his sentence from fifteen years for unlawful use of a weapon, to ten years. This court has reviewed whether allegations of ineffective assistance of counsel in a sentencing hearing provide cause for adjustment of a verdict. *See Eichelberger v. State,* 134 S.W.3d 790 (Mo. App. W.D.2004); *Adams v. State,* 951 S.W.2d 722 (Mo.App. W.D.1997). We are unaware of any precedent, and counsel did not provide any, that would support the contention that this court is able to remand for adjustment of a sentence without error in the sentencing hearing.

*nied,* 535 U.S. 1118, 122 S.Ct. 2341, 153 L.Ed.2d 169 (2002). In examining a claim for ineffective assistance of counsel, we need not examine the actions of counsel to determine if they were in error if the appellant fails to show prejudice resulting from the claimed error. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. Applied to the present case, Herriford's mental health issues were not of a nature to support a claim that he was not guilty due to mental disease or defect, and Herriford fails to proffer any evidence that would support his contention that a mental evaluation would have altered his plea deal.

In contrast, the only evidence we have on the record is the testimony of the prosecutor at the motion hearing who stated that knowledge of Dr. Sisk's evaluation prior to plea negotiations would not have changed his plea offer in any way. We are also cognizant of the fact that the prosecutor's offer was made with the knowledge that the State had successfully obtained a sentence of twenty years in the trial of Herriford's co-conspirator in the crime. The co-conspirator's trial was completed prior to plea negotiations with Herriford and, consequently, gave Herriford a realistic picture of the trial risk of refusing the only plea deal the prosecutor claims he was ever going to offer Herriford. Quite simply, the prosecutor had little reason, if any, to consider any amendments to his plea proposal to Herriford.

Perhaps more importantly, the evidence of Dr. Sisk's mental evaluation was presented to the sentencing court at the sentencing hearing at the same time the prosecutor made his recommendation of seventeen years (to be served concurrently), and the sentencing judge had the opportunity to weigh that evidence in the sentence which, coincidentally, was less than the prosecutor's recommended sentence.

While this court is sensitive to the difficulties of posttraumatic stress disorder and depression, we find no legal basis to alter Herriford's sentence or reverse the motion court's ruling on Herriford's Rule 24.035 motion. Therefore, we affirm the motion court's ruling in all respects.

THOMAS H. NEWTON, Chief Judge, and KAREN KING MITCHELL, Judge, concur.