

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| MAURICE T. DAVIS, | ) |
| | ) |
| Appellant, | ) |
| | ) **WD86663** |
| v. | ) |
| | ) **OPINION FILED:** |
| | ) **November 5, 2024** |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Bryan E. Round, Judge**

**Before Division Three:** Mark D. Pfeiffer, Presiding Judge,
Gary D. Witt and Thomas N. Chapman, Judges

Mr. Maurice T. Davis ("Davis") appeals the ruling of the Circuit Court of Jackson

County, Missouri ("circuit court"), denying his motion to amend the judgment that

originally denied his Rule 29.15[1] motion for post-conviction relief ("PCR"). Because

Davis's current argument below and on appeal is both procedurally and substantively

---

[1] All rule references are to the I MISSOURI COURT RULES (2023), unless otherwise
indicated.

flawed, we affirm the circuit court's denial of Davis's motion to amend the original judgment denying his Rule 29.15 PCR motion.

## Factual and Procedural Background

Davis was convicted by a jury in 2004 of two counts of murder in the first degree and two counts of armed criminal action in the first degree. *State v. Davis*, 210 S.W.3d 229, 232 (Mo. App. W.D. 2006). He was sentenced to terms of life imprisonment without the possibility of parole for the two murder convictions and terms of life imprisonment for the armed criminal action convictions. *Id.* We affirmed Davis's convictions and sentences on direct appeal. *Id.* at 240.

On January 23, 2007, Davis prematurely filed a *pro se* Rule 29.15 PCR motion. The *pro se* motion alleged eleven claims of ineffective assistance of counsel. Paragraph 9(b)(ii) of the *pro se* PCR motion alleged that trial counsel was ineffective for failing to investigate and call a purportedly helpful witness.

On May 10, 2007, Davis filed his amended PCR motion with the assistance of appointed counsel. The amended PCR motion raised a total of seventeen claims but did not include the claim set forth in paragraph 9(b)(ii) of the original *pro se* PCR motion.

The PCR motion court subsequently entered a judgment ("PCR Judgment") denying, with findings of fact and conclusions of law, all of the claims submitted in the amended PCR motion, following an evidentiary hearing. We affirmed the PCR Judgment on December 30, 2010. *Davis v. State*, 332 S.W.3d 265, 266 (Mo. App. W.D. 2010). After Davis's motion for rehearing and his application for transfer to the Missouri Supreme Court were both denied, our final mandate issued on April 1, 2011.

On May 30, 2023, Davis filed a Motion to Amend the PCR Judgment pursuant to Rules 74.01(b)[2] and 74.06(b)[3] and later an amended version, which alleged the PCR Judgment was not final because the PCR motion court had failed to make any findings regarding claim 9(b)(ii) of the *pro se* PCR motion. The amended motion to amend requested the circuit court vacate the PCR Judgment and enter a superseding judgment "addressing all legal issues in this case and grant[ing] Davis a new trial." The circuit court denied the amended motion to amend the PCR Judgment without comment. Davis

---

[2] Rule 74.01(b) provides in relevant part that "any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[3] Rule 74.06(b) and 74.06(c) provide in relevant part that the court may relieve a party from judgment due to mistake, inadvertence, surprise, excusable neglect, fraud, or irregularity if filed *not more than one year after the judgment was entered* and may be filed after the one-year deadline if the reason for such filing is that the judgment has been satisfied or otherwise vacated or where the judgment is void.

Thus, given the timing of Davis's motion to amend the judgment the PCR judgment, the only basis that Davis can attempt to argue that the judgment must be set aside is that it is void (since Davis does not claim the judgment was satisfied or vacated). In Missouri, "[a] judgment is void under Rule 74.06(b)(4) only if the circuit court that rendered it (1) lacked subject matter jurisdiction; (2) lacked personal jurisdiction; or (3) entered the judgment in a manner that violated due process." *Goins v. Goins*, 406 S.W.3d 886, 891-92 (Mo. banc 2013); *Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015) ("Finality of judgments is favored and the concept of a void judgment is narrowly restricted."); *Mottet v. Dir. of Revenue*, 635 S.W.3d 862, 865 (Mo. App. W.D. 2021). Here, Davis does not contend that the PCR motion court lacked jurisdiction— only that Davis's claimed lack of "finality" with regard to the PCR Judgment constitutes a violation of due process. But, as we explain in our ruling today, there simply was no lack of due process, because there was no error by the PCR motion court in the first instance.

has now appealed to this Court seeking the same relief that he sought from the circuit court.

### Procedural Infirmity of Davis's Motion to Amend the PCR Judgment

Initially, we affirm the circuit court's refusal to grant Davis the relief he requested in his motion to the amend the PCR Judgment, because we presume the circuit court realized it had no authority to grant Davis the relief (i.e. altering the PCR Judgment) he requested in the first instance.

Davis filed his current motion to amend the PCR Judgment well over a decade after we issued our final mandate to the PCR motion court in 2011, a mandate that affirmed the PCR motion court's PCR Judgment. After we issued that mandate, the circuit court in the present proceeding had no authority to substantively alter the PCR Judgment. *See Davis v. J.C. Nichols Co.*, 761 S.W.2d 735, 738 (Mo. App. W.D. 1988) (quoting *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo. 1960)) ("The trial court is without power to modify, alter, ***amend*** or otherwise depart from the appellate judgment. Its proceedings contrary to the directions of the mandate are 'null and void.'"). Stated succinctly, the circuit court in the present proceeding had no authority to grant Davis the relief he requested in his motion to amend the PCR Judgment.

Furthermore, after the final mandate relating to the PCR Judgment was issued in 2011, *this* Court was *also* divested of its authority to alter our ruling on the PCR Judgment absent a motion to recall our mandate. *Bridgewater v. State*, 458 S.W.3d 430, 436 (Mo. App. W.D. 2015) (quoting *State v. Whitfield*, 107 S.W.3d 253, 265 (Mo. banc 2003) (overruled on other grounds)) (alteration in original) ("[A]n appellate court divests

4

itself of jurisdiction of a cause when the court transmits its mandate."). Without such authority, we simply are unable to *amend* or otherwise alter our prior decision affirming the PCR Judgment issued by the PCR motion court. *See Coulter v. Michelin Tire Corp.*, 622 S.W. 2d 421, 437 (Mo. App. S.D. 1981) (internal citations omitted) (citing *Granite Bituminous Paving Co. v. Park View Realty. & Improvement Co.*, 270 S.W. 1142, 1143 (Mo. banc 1917)) ("[An appellate court] may not reverse its former holding without actual resubmission and rehearing of the appeal."); *State v. Barnes*, 517 S.W.2d 155, 169 (Mo. App. S.D. 1974) (same).

However, we *could* have regained our authority over the original case had this Court recalled our mandate issued in 2011. *Whitfield*, 107 S.W.3d at 264-65 ("While this Court has never fully delineated the scope of an appellate court's power to recall its mandate, it is well-established that . . . jurisdiction may be reacquired by means of the judicial power to recall a mandate for certain purposes.") (internal quotation marks omitted) (quoting *State v. Thompson*, 659 S.W.2d 766, 768 (Mo. banc 1983)).

Assuming *arguendo* that Davis had a meritorious reason for seeking to amend the PCR motion court's original PCR Judgment, the proper procedure to seek his requested relief would have been to *first* file a motion to recall the mandate issued by this Court *with this Court and not the circuit court*. *Bridgewater*, 458 S.W.3d at 436-38 (granting Bridgewater's original motion to recall the mandate, which was necessary to allow for remand to the motion court to hold an evidentiary hearing on newly discovered evidence that purportedly undermined the original denial of Bridgewater's PCR motion); *Finley v. State*, 590 S.W.3d 432, 437 (Mo. App. S.D. 2019) ("Unless our mandate is withdrawn,

5

Movant's allegedly corroborated assertion that trial counsel provided ineffective assistance . . . cannot be evaluated by the motion court. Therefore, we hereby recall our mandate issued October 13, 2015. We further vacate our September 24, 2015 Summary Order and Statement and the motion court's judgment denying post-conviction relief entered August 14, 2014.").

But, Davis never filed such a motion. Hence, neither the circuit court nor this Court presently possesses any authority to grant the relief Davis has sought both before the circuit court and this Court. We thus affirm the decision of the circuit court to refuse to grant Davis the relief he requested in Davis's motion to amend the PCR Judgment, as the circuit court possessed no authority to do so in the first instance.

### Substantive Infirmity of Davis's Motion to Amend the PCR Judgment

To the extent that Davis's motion to amend the PCR Judgment was an attempt to claim that the PCR Judgment was, in fact, void as contemplated by Rule 74.06(b)(4) [4] and that his motion to amend the PCR Judgment was actually a new proceeding under Rule 74.06 asserting a right to relief from the PCR Judgment, this argument also fails.

For, Davis does not contend that the PCR motion court lacked subject matter or personal jurisdiction to enter the PCR Judgment; instead, he attempts to couch his

---

[4] "Ordinarily, we review the circuit court's ruling on a motion to set aside a judgment under Rule 74.06 for an abuse of discretion." *Kerth v. Polestar Ent.*, 325 S.W.3d 373, 378 (Mo. App. E.D. 2010) (citing *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006)). "However, whether a judgment should be vacated as void is a question of law that we review *de novo*, giving no deference to the trial court's determination." *Forsyth Fin. Grp., LLC, v. Hayes*, 351 S.W.3d 738, 740 (Mo. App. W.D. 2011). "We review the facts and inferences in the light most favorable to the judgment." *Hurst v. State*, 352 S.W.3d 407, 409 (Mo. App. E.D. 2011).

"finality" argument as a violation of his due process rights. *See Goins v. Goins*, 406 S.W.3d 886, 891-92 (Mo. banc 2013) (stating that a judgment can only be deemed "void" if it lacks subject matter or personal jurisdiction or the judgment violates due process); *Cloyer v. State Bd. of Registration for Healing Arts*, 257 S.W.3d 139, 144 (Mo. App. W.D. 2008) ("Procedural due process requires the opportunity to be heard at a meaningful time and in a meaningful manner."); *Forsyth Fin. Grp., LLC v. Hayes*, 351 S.W.3d 738, 741 (Mo. App. W.D. 2011) ("Thus, judgments have been declared void for lack of due process when litigants have been denied notice of critical proceedings or were subject to involuntary waiver of claims.").

However, there is simply no substantive merit to Davis's suggestion that the PCR Judgment has violated his due process rights.

Both theories underlying Davis's sole point on appeal depend on the PCR motion court's purported failure to address claim 9(b)(ii) of the *pro se* PCR motion. However, that claim was not before the PCR motion court at the time the PCR Judgment was issued because it was not included in the amended PCR motion and, thus, the PCR motion court had no duty to address it. As explained in *Spann v. State*:

> Rule 29.15(j) states, in pertinent part, that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." . . . . **However, "[t]he parties and the court should consider only the amended motion, and not [the movant's]** *pro se* **motion[,] because the amended motion supersedes [the movant's]** *pro se* **motion and renders it a** *nullity***."** *Wills v. State*, 321 S.W.3d 375, 386 (Mo. App. W.D. 2010) (internal quotations and citation omitted) (emphasis in original). **Any claims from a movant's** *pro se* **motion which are not included in a subsequent amended motion are not to be considered by the court.** *Id*. Accordingly, "[t]he motion court ha[s] no duty to respond to the allegations in [the] movant's pro se motion that were not in the amended

7

motion," and "[any] reference to those allegations in the motion's court's findings is *surplusage*." *Id*. (emphasis in original) (internal quotations and citation omitted); *see also* Rule 29.15(g) (stating, in relevant part, that "[t]he amended motion shall not incorporate by reference or attachment material contained in any previously filed motion nor attach or incorporate the pro se motion," and "[a]ll claims shall be included within the same body and text of the amended motion").

Movant's amended motion in this case raised a total of four claims, including three claims of ineffective assistance of trial counsel and a fourth claim for ineffective assistance of appellate counsel. The motion court was only required to issue findings of fact and conclusions of law on the claims raised in Movant's amended motion, and it did so, addressing all four claims in its judgment.

Based on the foregoing, the motion court did not clearly err in failing to issue findings of fact and conclusions of law on all thirty-seven claims raised in Movant's pro se motion.

677 S.W.3d 897, 903 (Mo. App. E.D. 2023) (footnote omitted) (emphasis added).

Here, similarly, the PCR motion court issued findings of fact and conclusions of law as to all PCR claims raised in Davis's amended PCR motion when entering its PCR Judgment. The PCR motion court simply had no duty to respond to a claim from Davis's original *pro se* claim that was not part of Davis's amended PCR motion.

Beyond *Spann*, the text and purpose of Rule 29.15(e) also lends credence to *why* appointed counsel in PCR settings may make decisions to limit what claims are filed in an amended PCR motion:

Within 30 days after an indigent movant files a *pro se* motion, the court shall cause counsel to be appointed for the movant. . . . Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.

8

Rule 29.15(e), thus, imposes requirements for appointed counsel to guard against the filing of frivolous claims that are not supported by sufficient facts. For, as a lawyer, appointed counsel for an indigent PCR movant must follow ethical obligations to avoid misleading the court or raising frivolous claims, unlike non-lawyer *pro se* petitioners. Thus, appointed counsel must often amend the PCR motion to include *only* the claims from the *pro se* motion that have evidentiary support and a legitimate basis in the law. *See In re Hess*, 406 S.W.3d 37, 43-45 (Mo. banc 2013) (explaining the ethical obligation lawyers owe to the court to avoid bringing false or frivolous claims); *Weekley v. State*, 265 S.W.3d 319, 321 n.4 (Mo. App. S.D. 2008) (acknowledging the possibility that the rules governing lawyer ethics may require appointed counsel to omit frivolous claims originally included in a *pro se* PCR motion).

Hence, it is entirely possible that Davis's appointed PCR counsel made a conscious decision to refuse to include all of the claims in Davis's *pro se* PCR motion because such claim or claims were deemed by appointed counsel to be frivolous.

Irrespective, the PCR motion court had no duty to address a claim from Davis's original *pro se* motion that was not included in the superseding amended PCR motion and Davis's due process rights have certainly not been violated by the PCR Judgment— giving him no valid Rule 74.06(b)(4) claim to suggest that the circuit court should have concluded the PCR Judgment was void.

**Conclusion**

Davis's point on appeal is denied.  The circuit court's ruling denying Davis's motion to amend the PCR Judgment is affirmed.

_____
Mark D. Pfeiffer, Presiding Judge

Gary D. Witt and Thomas N. Chapman, Judges, concur.